IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHESTER PAUL BROWN,

          Petitioner,          6:11-cv-1345-CL

        v.                REPORT AND
                           RECOMMENDATION

MIKE CRIM,

          Respondent.

CLARKE, Magistrate Judge.

Petitioner is under the post-prison supervision of Coos County Community Corrections pursuant to a Judgment dated April 23, 2004, from the Coos County Circuit Court after a conviction for Rape in the First Degree. Following a stipulated facts trial, petitioner was sentenced to 100 months imprisonment. Exhibit 101.

Petitioner directly appealed his conviction, but the Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 104 - 116.

1 - REPORT AND RECOMMENDATION

Petitioner filed an Amended Formal Petition for post-conviction relief, Exhibits 119, but the Umatilla County Circuit Court denied relief. Exhibit 138. The Oregon Court of Appeals affirmed without opinion,[1] and the Oregon Supreme Court denied review. Exhibits 144 - 145.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. sec. 2254 alleging four grounds for relief. Petition (#2). Respondent now moves to deny relief on the grounds that petitioner's claims "fail to state a claim for relief, are procedurally defaulted, lack merit, or some combination thereof." Response (#21) p. 1.

A grand jury indicted petitioner on four counts: Rape I, Sexual Abuse I, Sodomy I, and Burglary. Petitioner's motion to dismiss the Burglary count was allowed and the state agreed to drop all the remaining charges except Rape I and then hold a suppression hearing and stipulated facts trial. Respondent's Exhibit 103, p. 2. The court denied petitioner's motion to suppress, and found petitioner guilty of Rape I. *Id*. at 15, 19. Petitioner was sentenced to 100 months in prison with 36 months of post-prison supervision. *Id*., 21-22.

Petitioner's directly appealed his conviction on the sole basis that the motion to suppress should have been granted. As

---

[1] The Court of Appeals Judgment in this regard does not appear to have been submitted as an exhibit or made part of the record in this proceeding, but *see*, Brown v. Mills, 241 Or. App 723 (2011).

2 - REPORT AND RECOMMENDATION

noted above, petitioner's conviction was affirmed by the Oregon appellate courts.    Petitioner's post-conviction petition alleged claims of ineffective assistance of trial and appellate counsel. In this proceeding petitioner alleges ineffective assistance of "trial and sentencing counsel," ineffective assistance of appellate counsel, and denial of his speedy trial rights.

In each of petitioner grounds for relief, he alleges violations of both his federal constitutional rights and his rights under various Oregon state laws.

Under 28 U.S.C. § 2254(a), federal courts may entertain applications for writs of habeas corpus by state prisoners "only on the ground that he is in custody in violation of the Constitution or laws of the United States." Thus, to the extent petitioner seeks to raise state law claims in this proceeding, they fail to state a claim for relief and should be denied.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims.    Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992).    If a petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim.    O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

3 - REPORT AND RECOMMENDATION

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005); see also, Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) ("In [the Ninth Circuit], a petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law."); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (per curiam) (holding that, when a petitioner failed to cite federal case law or mention the federal constitution in his state court briefing, he did not alert the state court to the federal nature of his claims).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

If a petitioner has failed to present a federal constitutional claim to the state's highest court (i.e., has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at

4 - REPORT AND RECOMMENDATION

848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995); Calderon v. Thompson, 523 U.S.538, 559 (1998).

Petitioner alleges in Ground Four that the trial court erred in denying his right to a speedy trial. Petitioner did not raise

5 - REPORT AND RECOMMENDATION

this claim at trial, and therefore failed to preserve the issue for purposes of appeal. *See*, ORAP 5.45)1). Petitioner's counsel's direct appeal brief and petition for review raised only a DNA search and seizure issue. Exhibits 104 and 111. Although petitioner's *pro se* supplemental brief purported to preserve several further assignments of error for habeas review, including "statute of limitation / fast-N-speedy," he did not specify either a federal constitutional basis or a statement of facts for such a claim. *See*, Exhibit 106. Petitioner's *pro se* petition for review with the Oregon Supreme Court generally addressed the speedy trial issue, but did not present the claim as a federal constitutional issue. Exhibit 112, p. 9.

Petitioner's reference to his speedy trial rights, with no constitutional citation was insufficient to "fairly present" the claim to the Oregon Supreme Court. <u>Baldwin v. Reese</u>, 541 U.S. 27, 32 (2004). Moreover, he could not have raised such a claim for the first time on appeal. <u>Castille v. Peoples</u>, *supra*. Therefore, petitioner failed to fairly present the federal constitutional speedy trial claim alleged in Ground Four to the Oregon Supreme Court.

Petitioner alleges in Ground One that his trial counsel was deficient in various respects including "fail[ing] to have all evidence examined for DNA evidence." Oregon law requires defendants to bring claims of ineffective assistance of counsel in a post-

conviction proceeding. *See*, <u>State v. Dell</u>, 156 Or. App 184, 188 (1998); <u>Leyva-Grave-De-Peraltra v. Blackletter</u>, 232 Or. App 441, 448 (2009).

Petitioner raised several claims of ineffective assistance of counsel in his PCR petition. However, he did not claim that his counsel was deficient for failing to have evidence examined or tested for DNA. *See*, Exhibits 116, 118. Nor did he raise this claim in his PCR appeal. Exhibits 139 - 43. Thus the allegation in Ground One that his attorney was deficient for failing to have evidence tested for DNA was not fairly presented to the Oregon Supreme Court.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly present" any additional claims to the Oregon state courts.[2] Thus he has procedurally defaulted the claims discussed above and has failed to demonstrate any cause and prejudice for his procedural default. Nor has petitioner established that he is entitled to the fundamental miscarriage of justice exception to the exhaustion

---

[2]ORS 138.071 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register.  ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment.  ORS 2.520 requires petitions for review to Oregon's Supreme Court to be filed within 35 days from the date of the Court of Appeals' decision. *See also* ORAP 9.05(2) (same)  Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

requirement.   Therefore, relief on petitioner's claim that his attorney was deficient for failing to have evidence tested for DNA should be denied.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings."   28 U.S.C. § 2254(d); <u>Wiggins v. Smith</u>, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." <u>Pirtle v. Morgan</u>, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing <u>Bell v. Cone</u>, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." <u>Williams v. Taylor</u>, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct.. The applicant shall have the burden of rebutting the

presumption of correctness by clear and convincing evidence."
Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components.  First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense.  Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

9 - REPORT AND RECOMMENDATION

In <u>Bell v. Cone</u>, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

<u>Bell</u>, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner." <u>Woodford v. Visciotti</u>, 537 U.S. 19, 25 (2002) (*per curiam*).

The general nature of the *Strickland* test combined with the deference prescribed by § 2254(d) combines to require the federal court not to evaluate the state court's determination itself, but whether the state court's determination was unreasonable. <u>Knowles v. Mirzayance</u>, 129 S.Ct. 1411, 1420 (2009) (citing <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473 (2007).

Plaintiff's claim in Ground One that his trial counsel was ineffective for failing to have evidence tested for DNA is addressed above. The remainder of Ground One alleges other claims of ineffective assistance of "trial and sentencing counsel." All

of these claims were raised in some manner in petitioner's PCR proceeding, and denied.  For the reasons set forth below, I find that the PCR court decision regarding these claims is entitled to deference by this court and correct on the merits.

Petitioner alleges that his trail counsel "failed to demur to the accusatory instrument."  However counsel *did* file a demurrer on the basis that the statute of limitations on Burglary 1 had expired and that charge was dismissed.  Exhibit 130.  Petitioner argued before the PCR court that counsel should have demurred for lack of jurisdiction. *See*, Exhibit 135, p. 4. However,  Coos County Circuit Court is the court of general jurisdiction covering Coos County, where the crimes occurred.  Therefore,  the PCR court reasonably concluded that trial counsel was not ineffective for failing to demur to the indictment.

Petitioner alleges that his attorney should have moved to dismiss after petitioner filed a "fast-n-speedy." At petitioner's PCR trial, petitioner's counsel filed an affidavit averring that petitioner "knowingly and voluntarily waived his rights to a speedy trial and did not request that I file any such motion, which I do not believe would have been prudent as the state had the irrefutable DNA evidence to convict [petitioner] on all charges." Exhibit 127 at 3.  Petitioner denied that he waived his rights. Exhibit 135, Deposition of Chester Paul Brown, p.17-19.  The PCR court found the attorney credible and in its findings, stated: "No

violation of speedy trial - much of delay based on aid and assist eval. Defense set over necessary for defense expert." Exhibit 138, p. 2. The PCR court finding was not unreasonable in view of the evidence and its determination that counsel was not ineffective for failing to dismiss is supported by the record.

Petitioner alleges that his attorney "failed to raise a commerce clause violation with releasing DNA outside of Oregon's territorial boundary lines." Since, the Commerce Clause grants power to Congress and does not create personal rights, U.S. Constitution Art. I, sec. 8, cl. 3, petitioner's claim in this regard is wholly without merit and the PCR court reasonably dismissed the claim.

Petitioner alleges that his counsel "failed to object at sentencing with the 3 years PPS that exceeded measure 11." Rape in the First Degree is a Class A felony. ORS 163.375(2). The maximum statutory indeterminate sentence for Class A felonies is 20 years (240) months) imprisonment. ORS 161.605. The mandatory minimum sentence for Rape in the First Degree is 100 months, ORS 137.700 which is what petitioner received. Measure 11 imposes no maximum sentence. The trial court was required to impose a term of post-prison supervision such that the term plus the term of imprisonment equaled the maximum statutory indeterminate sentence. ORS 144.103(1) Thus, the court was required to impose a 140 month term of post-prison supervision for a total of 240 months. It is not

12 - REPORT AND RECOMMENDATION

apparent from the record why the court imposed a term of only 36 months, but in any event, since petitioner received a lesser term than was required by law, his counsel had no reason to object to petitioner's sentence. The PCR court was not unreasonable concluding that counsel was not deficient in this regard.

Petitioner claims that trial counsel failed to inform him of "life time sex offender registration." Trial counsel submitted an affidavit stating that he informed petitioner of the sex offender registration requirement. Exhibit 127, p. 2. In his deposition, petitioner claimed that he was never informed of the "registry" requirement. Exhibit 135, p. 21-22. The PCR court found that counsel was credible and that there was insufficient proof of this claim.   The PCR court's determination is not unreasonable and is entitled to deference because petitioner has not established clear and convincing proof to the contrary. *Miller-El v. Cockrell*, *supra*.

Petitioner alleges that his counsel "failed to file a valid Article I section 9 or 4[th] Amendment violation or support defendant's innocence."   Petitioner's claim in this regard is contradicted by the record before the court which reflects that trial counsel filed a Motion for Omnibus Hearing moving to suppress the DNA evidence on the basis of both Oregon and federal constitutional law. Exhibit 132. Counsel submitted a brief in support of the motion citing the relevant Oregon and federal case law. Exhibit 131. Petitioner has not submitted any authority or

argument that counsel was deficient in the litigation of this issue.

Petitioner alleges that counsel "failed to support defendant's innocence." Based on the overwhelming evidence against petitioner, counsel concluded that a stipulated facts trial on only one of the counts was the best possible option. *See*, Exhibit 127, p. 8. The trial court explained the negotiated stipulated facts to petitioner in detail Exhibit 103. P. 2-9. At every step of this explanation, the court asked petitioner if he understood and agreed, and petitioner indicated that he did. The court asked petitioner, "Do you require any further explanation as to a Jury Waiver?" and petitioner responded, "No, that was plain and clear." Id. p. 7. Based on that evidence, the PCR trial court found that petitioner knowingly and voluntarily gave up his trial rights in exchange for a favorable plea negotiation. Exhibit 138, p. 1.

The PCR court's finding is not unreasonable and is supported by the evidence. Petitioner has not offered any evidence or argument to support his claim that counsel was ineffective or that he suffered any prejudice as a result of his counsel's failure to "support his innocence."

In Ground Two petitioner alleges claims of inadequate assistance of appellate counsel. All of these claims were raised in petitioner's PCR proceeding and denied. For the reasons set forth below, I find that the PCR court decision regarding these

14 - REPORT AND RECOMMENDATION

claims is entitled to deference by this court and correct on the merits.

Claims of ineffective assistance of appellate counsel are also reviewed under the *Strickland* standard. <u>Smith v. Robbins</u>, 259 U.S. (2000); <u>Cockett v. Ray</u>, 333 F.3d 938, 944 (9th Cir. 2003). Thus, in order to prevail on an ineffective assistance of appellate counsel claim, a petitioner must demonstrate that his appellate counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the petitioner would have prevailed on appeal. <u>Id</u>. "Whether appellate counsel acted unreasonably in failing to raise a particular issue is often intertwined with the merits of the issue and whether the defendant would have prevailed." <u>Hayes v. Woodford</u>, 301 F.3d 1054, 1086 (9th Cir. 2002); *see also*, <u>Miller v. Keeney</u>, 882 F.2d 1428, 1434 (9th Cir. 1989) ("Appellate counsel will therefore frequently remain above an objective standard of competence (prong one) and have caused her client no prejudice (prong two) for the same reason - because she declined to raise a weak issue.").

Petitioner alleges that his appellate counsel should have withdrawn "when he knew he would prejudice petitioner with excessive appellate delays."

Petitioner has failed to allege any facts that would demonstrate any "excessive delays" in the appellate process and

counsels affidavit, Exhibit 134, establishes that there were none.[3]
Nor has petitioner suggested any basis under the Oregon Rules of
Professional Conduct or any other rule or law which his appellate
counsel could have relied upon to withdraw.

In addition, petitioner has not established any prejudice from
appellate counsel's failure to withdraw. He has not shown that the
appeal would have proceeded any faster if his counsel had withdrawn
- and in fact, it is probable it would have taken longer.
Moreover, since the trial court judgment was eventually upheld by
the Oregon Court of Appeals, petitioner has spent no longer in
prison than he would have had the appeal been completed sooner.

I find that the PCR court reasonably determined that appellate
counsel was not inadequate for failing to withdraw and that
decision is entitled to deference by this court and correct on the
merits.

Petitioner alleges that appellate counsel did not "properly
address the "Article 1, section 9 and 4th Amendment DNA issue to the
appellate court."

Petitioner's claim in this regard is frivolous and fails as a
factual matter. The sole issue on appeal was whether the buccal
swab process was an unlawful search and seizure under the United

---

[3]Petitioner apparently asked his appellate counsel to
withdraw, and because counsel "did not have a ground, other than
[petitioner's] request, upon which to base a motion to withdraw,"
he declined. Exhibit 134, Affidavit of David C. Degner.

States and Oregon Constitutions. Exhibit 135, p. 9. The appellate record demonstrates that this issue was expertly and fully litigated, and petitioner has not offered any evidence or argument to support the allegation that it was not "properly addressed" to the appellate court.

Petitioner alleges that appellate counsel should have assigned error to the trial court's alleged violation of petitioner's speedy trial rights.

As discussed above, petitioner waived his right to a speedy trial, so counsel had no basis on which to assign error. Moreover, the claim was not preserved at trial by a motion to dismiss or objection, and therefore not proper for consideration by the appellate court. *See*, ORAP 5.45.

Under these circumstances, it was clearly reasonable for appellate counsel not to raise the issue and petitioner was not prejudiced by his failure to do so.

Petitioner alleges that appellate counsel should have assigned error to the imposition of the sentence in several respects. However, none of petitioner's arguments have merits. It is, and was at the time of petitioner's appeal, clearly settled under Oregon law that Measure 11 mandatory minimum sentences are constitutional. *See*, State ex rel. Huddleston v. Sawyer, 324 Or. 597 (1997).

As discussed above, the term of post-prison supervision imposed was shorter than that required by law, so there was no

17 - REPORT AND RECOMMENDATION

basis to challenge it. In addition, lifetime sex offender registration was also required by law, both when the crime was committed and when petitioner's trial took place. ORS 181.595.

Petitioner's has not alleged or established any valid basis for his attorney to challenge his sentence and no such basis is apparent on the record before the court.

Petitioner claims that his appellate counsel was deficient for failing to "show up for oral arguments." However, "oral argument on appeal is not required by the Constitution in all cases, nor is it necessarily essential to a fair hearing." United States v. Birtle, 792 F.2d 846, 848 (9th Cir. 1986). This is particularly true when only legal arguments are involved and the material issues have been briefed, Id., as was the circumstances in petitioner's appeal.

There were no factual issue in dispute in petitioner's appeal. The sole issue was whether it violates the 4th Amendment (and its Oregon counterpart) to seize and store felons' DNA and compare it to new samples on a regular basis. This issue was fully and expertly briefed by appellate counsel. Moreover, petitioner did not introduce any evidence at his PCR trial (or here) that would suggest he was prejudiced by his counsel's failure to appear at oral argument on appeal.

Petitioner alleges in Ground Three that the appeals court violated the 14th Amendment by exceeding the time allowed to render

a decision and violating court rules regarding the length of time for decisions.

The Ninth Circuit has recognized that excessive delays in the appellate process may violate due process, <u>Coe v. Thurman</u>, 922 F.2d 528, 530 (9th Cir. 1990), but "no 'clearly established Federal law, as determined by the Supreme Curt of the United States' recognizes a due process right to a speedy appeal." <u>Hayes v. Ayers</u>, 632 F.3d 500, 523 (9th Cir. 2011) (quoting 28 U.S.C. § 2254(d)(1)). While the Ninth Circuit and other courts have based their decisions on <u>Barker v. Wingo</u>, 407 U.S. 514 (1972), that alone does not make the rule relevant to habeas corpus proceedings under the AEDPA:

> Lower courts' extensions of *Barker* to a new setting, however, cannot be the basis of habeas corpus relief after AEDPA. "[W]hen a Supreme Court decision does not 'squarely address [ ] the issue in the case' or establish a legal principle that 'clearly extend[s]' to a new context," 28 U.S.C. § 2254(d)(1) requires that we deny relief. <u>Mose v. Payne</u>, 555 F.3d 742 (9th Cir. 2009)(quoting <u>Wright v. Van Patten</u>, 552 U.S. 120, 125 (2008) ... No Supreme Court decision "squarely addresses" the right to a speedy appeal, nor does the right to a speedy trial "clearly extend" to the appellate context. The interest in a prompt initial adjudication of a defendant's rights, which underlies the right to a speedy trial, is plainly not the same as the interest in having a trial court conviction reviewed quickly on appeal.

<u>Hayes</u>, 632 F.3d at 523.

Since there is no clearly established federal law on this issue, and petitioner did not establish any evidence of prejudice due to the delay, the PCR trial court decision that the length of

petitioner's appeal did not violate the Fourteenth Amendment was reasonable and entitled to deference by this court.

Based on all of the foregoing, petitioner's Petition (#2) should be denied. The Clerk of Court should enter a judgment dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

/////

/////

/////

20 - REPORT AND RECOMMENDATION

## Certificate of Appealability

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right. See, 28 U.S.C. § 2253(c)(2).*

DATED this ___ day of February, 2013.

_____
Mark D. Clarke
United States Magistrate Judge